**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**RAFAEL E. RIVAS-LOPEZ**                                                                               **PETITIONER**
Reg #16285-179

VS.                              CASE NO.: 2:15CV00059 JM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                  **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

II.  **Background**

A jury convicted petitioner Rafael Rivas-Lopez of one count of conspiracy to commit hostage taking, four counts of hostage taking, four counts of aiding and abetting the harboring of illegal aliens for the purpose of commercial advantage and private

financial gain, and four counts of aiding and abetting the transportation of illegal aliens for the purpose of commercial advantage and private financial gain. *United States v. Rivas-Lopez*, 678 F.3d 353, 355 (5th Cir. 2012). The United States District Court for the Southern District of Texas sentenced Rivas-Lopez to a total of 188 months' imprisonment. The Fifth Circuit Court of Appeals affirmed Rivas-Lopez's conviction and sentence, and the Supreme Court denied certiorari. *United States v. Calderon–Lopez*, 268 Fed.Appx. 279 (5th Cir.) (unpublished), cert. denied, 555 U.S. 860, 129 S.Ct. 134 (2008).

Mr. Rivas-Lopez then filed a § 2255 motion raising several claims of ineffective assistance of counsel. *Rivas-Lopez*, 678 F.3d at 355. The district court denied the motion without holding an evidentiary hearing. *Id*. at 355-56. Mr. Rivas-Lopez appealed, contending that he received ineffective assistance of counsel when his attorney overestimated his sentencing exposure under a proffered plea deal, leading him to reject the deal and stand trial. *Id*. at 354. The Fifth Circuit found there were conflicting accounts of the facts, vacated the district court's order, and remanded the case for further proceedings, including an evidentiary hearing. *Id*. at 359.

On remand, the district court held an evidentiary hearing at which Mr. Rivas-Lopez and his former attorney testified. *U.S. v. Rivas-Lopez*, 4:04-cr-145-2, docket entry no. 533 (November 5, 2012). The court entered an order making findings of fact, including a finding that trial counsel's advice concerning the Guideline range calculation

was a correct estimate based on the evidence. *Id*. The court ordered that the findings of fact be filed and forwarded to the Fifth Circuit Court of Appeals. *Id*. The court, however, did not grant or deny Mr. Rivas-Lopez's § 2255 motion.

On July 24, 2014, Mr. Rivas-Lopez filed a petition for writ of mandamus with the Fifth Circuit asking the Court to direct the district court to rule on his pending § 2255 motion. *In re Rafael Rivas-Lopez*, No. 14-20479, document 00512710687 (5th Cir. filed July 24, 2014). The matter is still pending before the Fifth Circuit.

Mr. Rivas-Lopez has now filed a petition for writ of habeas corpus claiming that the district court's delay in ruling on his § 2255 motion violates his due process rights. (Docket entry #1 at pp. 6, 8) Mr. Rivas-Lopez asks this Court to find his conviction and sentence unconstitutional. (Docket entry #1 at pp. 6, 8) Because Arkansas federal courts lack jurisdiction, Judge Moody should summarily dismiss the petition without prejudice.

### III. Jurisdiction

Summary dismissal of a habeas corpus petition – prior to any response or other pleading being filed – is appropriate "[i]f 'it plainly appears from the petition [and any attached exhibits] . . . that the petitioner is not entitled to relief in the district court.'" *Mayle v. Felix*, 545 U.S. 644, 656, 125 S.Ct. 2562, 2570 (2005)(quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b). *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D.Ark. 2006)

(citations omitted). From the face of the instant petition, read together with the court records, it is obvious that this Court lacks jurisdiction to consider Mr. Rivas-Lopez's petition.

Generally, a federal inmate may raise an ineffective assistance of counsel claim with the sentencing court through a motion brought under 28 U.S.C. § 2255. *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S.Ct. 1690 (2003). A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005).

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

Mr. Rivas-Lopez argues the savings clause applies in this case because his § 2255 motion has been pending in the district court for over thirty-two months. (#2 at p. 9) The Eighth Circuit has, however, rejected the argument that a § 2255 motion is inadequate or ineffective when the sentencing court delays ruling on post-trial motions. *Winston v. Mustain*, 562 F.2d 565, 566-67 (8th Cir. 1977); *Davis v. Outlaw*, No. 2:11cv00027 JLH-JWC, 2011 WL 118882 at *3 (E.D. Ark. 2011) recommendation adopted *Davis v. Outlaw* 2011 WL 1118607, at *1. Other courts have agreed that a mere delay in the resolution of a § 2255 motion does not entitle a defendant to bypass § 2255 in favor of a § 2241 action. See *McCarthy v. Dir. of Fed. Bureau of Prisons*, 245 F. App'x 118, 120 (3d Cir. 2007) (delay in obtaining a ruling on a § 2255 motion did not render the remedy inadequate where delay was largely of petitioner's own making and petitioner could have filed writ of mandamus to compel a ruling on the motion); *U.S. v. Dago*, 441 F.3d 1238, 1242, 1248–50 (10th Cir. 2006) (seven-year delay caused by active litigation of § 2255 motion did not violate due process; suggesting that such delay was insufficient to render § 2255 ineffective).

Also weighing against application of the savings clause in this case is Mr. Rivas-Lopez's pending application for writ of mandamus asking the Fifth Circuit to order the sentencing court to rule on his § 2255 motion. See *Sines v. Wilner*, 609 F.3d 1070, 1073 n. 1 (10th Cir. 2010) (because relief by mandamus may be available when a prisoner believes that a district court is taking too long to resolve a § 2255 motion, "one could

conclude that delay does not render § 2255 an inadequate remedy"), cert. denied, 131 S.Ct. 997 (2011).

Because Mr. Rivas-Lopez has not shown that the § 2255 remedy is "inadequate or ineffective" in order to proceed under the statute's savings clause, the Court cannot entertain his petition under 28 U.S.C. § 2241.

## IV.  Conclusion

The Court recommends that Mr. Rivas-Lopez's petition for writ of habeas corpus (#1) be dismissed, without prejudice, for lack of subject matter jurisdiction.

DATED this 30th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE